UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW KING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1050 RWS |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Plaintiff King contends that he is entitled to counsel because a psychologist

told him he has an "Axis I: Learning Disorders, not otherwise specified." Plaintiff Goddard claims he cannot remember if he suffers from any mental disorders, but promises that he will forward the Court "any information relating to any mental disorder(s) that he may have."

The Eighth Circuit Court of Appeals does not mandate court-appointed counsel for pro se plaintiffs suffering from a mental disease. See Drone v. Hutto, 565 F.2d 543 (8th Cir. 1997). In the context of this case, I have considered plaintiffs' allegations of mental disorders as part of my determination whether plaintiffs would substantially benefit from the appointment of counsel. At this time, I believe that plaintiffs are capable of representing themselves in this action. Moreover, I do not believe that the facts and legal issues involved are so complicated that the appointment of counsel is warranted at this time. Accordingly, after considering the relevant factors I will deny plaintiffs' motion for appointment of counsel at this time.

Plaintiffs also request the Court to order the defendants to provide them with a computer and to lower the cost of copies so that they may more easily prosecute their case. Plaintiffs do not allege that they are being denied access to the courts. These requests will be denied as plaintiffs' bare-bones motion does not present a sufficient basis to interfere in matters involving the administration of the

Missouri Sex Offender Treatment Center.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for appointment of counsel [#14] is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' motion for request of materials [#22] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2008.