UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW KING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1050 RWS |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for a temporary injunction. Plaintiffs claim they need a temporary injunction requiring defendants to provide plaintiff King with a computer or a typewriter for at least 10 hours per week so that he may have "ample time" to file an appeal with the Missouri Court of Appeals. King also requests that he be charged a lower rate for copies.

Under Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir.1981), the Eighth Circuit Court of Appeals set out the factors for determining if a temporary restraining order or preliminary injunction should be issued. Id. at 113. These factors are "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. A temporary restraining order is an

extraordinary and drastic remedy. Williams Pipe Line Co. v. City of Mounds View, Minnesota, 651 F.Supp. 544, 548 (D. Minn. 1986). The burden of proving that the relief should be awarded rests entirely on the movant. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Plaintiffs' conclusory motion will be denied because it is unlikely that he will succeed on the merits. Although plaintiff King may be required by state court to submit a typewritten brief, plaintiffs' motion fails to state that he has been denied access to a typewriter. Instead, he merely wants "ample time" on a computer or typewriter. To meet the constitutional requirement of meaningful access to the courts, an institution need only ensure "a reasonably adequate opportunity to present claimed violation of fundamental constitutional rights." Bounds v. Smith, 430 U.S. 817, 823 (1977); Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992). Because plaintiff has access to a typewriter for legal work and there is no evidence that the time allotted to plaintiff for legal work does not meet constitutional requirements, it is unlikely that plaintiffs can prevail on an access-to-courts claim. Id. Plaintiffs have also failed to show that the copy cost charged by the institution amounts to a denial of access to the courts. For the foregoing reasons, plaintiffs' motion for a temporary injunction will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for temporary injunction [#25] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2009.