UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW KING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1050 RWS |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' fourth motion for appointment of counsel. As I stated in my previous orders denying counsel, there is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, I continue to believe that plaintiffs are capable of representing themselves in this action. Moreover, I do not believe that the facts and legal issues involved are so complicated that the appointment of counsel is warranted at this time. Accordingly, I will deny plaintiffs' fourth motion for appointment of counsel at this time.

I have also reviewed defendants' response to the Order to Show Cause why plaintiffs' motion to compel should not be granted. In the response, defendant Blake claims that the MSOTC policy manual is not discoverable because there is "no portion of the manual that deals in any manner with resident computer or typewriter use or the MSOTC law library." Plaintiffs allege that Blake relied on the policy manual when he denied them access to computers. Although defense counsel claims that "he is not familiar with that assertion or any similar assertion from Defendant Blake," Blake's affidavit in support of defendants' response is silent on the issue of whether he said he relied on any part of the policy manual when he denied plaintiffs access to computers. The Court is not interested in defense counsel's knowledge on this issue, but it is interested in defendant Blake's knowledge on this issue. Accordingly, defendant Blake shall supplement his affidavit by Friday, June 26, 2009, and inform the Court whether he has ever stated, to plaintiffs or anyone else, that he relied on the policy manual when

denying plaintiffs access to computers.

Defendants have agreed to produce portions of plaintiffs' charts that relate to the use of a computer, typewriter, or the law library. As long as defendants understand that this production also includes <u>requests</u> to use a computer, typewriter, or the law library, then the Court believes that this is all the discoverable information plaintiffs are entitled to receive from these requests. However, the production shall be made within ten (10) days from the date of this Order, not the thirty days proposed by defendants. I will defer ruling on plaintiffs' motion to compel as it relates to the policy manual until I receive the supplemental affidavit from defendant Blake.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel [#65] is granted only in part as stated above, and **defendants shall produce to plaintiffs the information set out above within ten (10) days from the date of this Order.**

**IT IS FURTHER ORDERED** that plaintiffs' fourth motion to appoint counsel [#67] is denied without prejudice.

**IT IS FURTHER ORDERED** that **defendant Blake shall supplement his affidavit in support of the defendants' Response to the Order to Show Cause by Friday, June 26, 2009, as set forth above.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2009.