UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW KING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1050 RWS |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before me on plaintiffs' sixth motion for appointment of counsel. As I stated in my previous orders denying counsel, there is no constitutional or statutory right to appointed counsel in a civil case. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990); <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986); <u>Nelson</u>, 728 F.2d at 1005.

After considering these factors, I continue to believe that plaintiffs are capable of representing themselves in this action. Moreover, I do not believe that the facts and legal issues involved are so complicated that the appointment of counsel is warranted at this time. Accordingly, I will deny plaintiffs' sixth motion for appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' sixth motion for appointment of counsel [#95] is denied without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2009.