UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW KING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1050 RWS |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs Matthew King and Michael Goddard are civilly committed

residents at the Missouri Sexual Offender Treatment Center[1] who allege that they

were denied access to the courts because they were not allowed to use a computer

for legal work and the internet for legal research. In their pro se 42 U.S.C. § 1983

first amended complaint, plaintiffs also contend that the law library at MSOTC is

constitutionally inadequate. Plaintiffs have sued the following MSOTC

employees:[2] Alan Blake, the Chief Operating Officer; Rebecca Semar, the Director

of Community Reintegration Services Department; Chris Chamberlain and Karen

White, security aides; Nancy Simpson, a Unit Program Supervisor and Counselor

---

[1]While this case was pending, MSOTC was renamed "Sex Offender Rehabilitation and Treatment Service, Southeast Missouri Mental Health Center." For ease of reference, in this Memorandum and Order I will refer to the facility as MSOTC.

[2]Defendants held these job titles during the relevant time period at issue in the complaint.

in Training; and, Joshua Francis, a Unit Program Supervisor.  Plaintiffs and defendants have filed cross-motions for summary judgment.  Because defendants are entitled to judgment as a matter of law on plaintiffs' claims, their motion for summary judgment will be granted.  Plaintiffs' cross-motion for summary judgment will be denied.  My analysis follows.

## Legal Standards Governing Summary Judgment

In considering a motion for summary judgment, the court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The moving party must establish that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.

To survive a motion for summary judgment, the "nonmoving party must

'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy." Putman v. Unity Health System, 348 F.3d 732, 733-34 (8th Cir. 2003) (internal quotation marks and citation omitted). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. Wilson v. Int'l Bus. Machs. Corp., 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. 242 at 252; Davidson & Associates v. Jung, 422 F.3d 630, 638 (8th Cir. 2005). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007). Although a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to "accept unreasonable inferences or sheer speculation as fact." Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir. 2004); Reed v. City of St. Charles, Missouri, 561 F.3d 788, 791-92 (8th Cir. 2009). Under these standards I review the facts in this case.

## Background Facts

*Facts Relating to Plaintiff King*

On April 10, 2008, King submitted a MSOTC team request to use the recreation department's computer for legal purposes. King wanted to use the computer to prepare a habeas corpus petition, which he ultimately filed in St. Francois County, Missouri. The team request was denied for the reason that King needed a letter confirming he was his own attorney because the recreation department "does not allow computer use for legal work." Simpson signed the team response denying King's request. King's habeas petition was later denied by the state court because all the issues raised in the habeas petition could be raised in pending commitment case to declare King a sexually violent predator. On May 7, 2008, King submitted another request to be approved to use a typewriter or computer to "prepare a brief/extraordinary writ to be filed with the Missouri Court of Appeals" with regard to his habeas petition. White referred the request to Semar, but King testified that he decided not to file the brief based on the advice of his attorney in the commitment case.

On June 27, 2008, King requested to use the internet for legal research to prepare a declaratory judgment action against MSOTC which King filed in Cole County, Missouri. Chamberlain referred the request to the MSOTC recreation

department.  Semar denied the request, stating that "the internet is not provided to residents at this time.  You may access legal resources at Indoor Recreation Opportunities."  King filed the declaratory judgment action seeking a ruling that he should not have been committed at MSOTC as a sexually violent predator.  King argued that Missouri law did not authorize treatment of him because the jury only found that he had a "mental abnormality," not a "mental illness."  The state court granted MSOTC's motion to dismiss the declaratory judgment action and rejected King's interpretation of the statute.  The state court held that "there is no legal authority for [King's] bizarre proposition."  King appealed the state court order, but he did not pursue the appeal any further.  King testified that he is not aware of any legal basis for a successful appeal of the state court order, but he believes the state court was wrong.

King appealed his commitment order in the state court case styled In the Matter of the Care and Treatment of Matthew J. King, Cause # W.D. 69903.  King is represented on appeal by a public defender, who has filed a brief on his behalf.  The appeal remains pending.

King claims that he was denied access to courts with respect to his habeas petition, his declaratory judgment action, his appeal of the declaratory judgment action, and the appeal of his commitment order.

*Facts Relating to Plaintiff Goddard*

On June 27, 2008, Goddard submitted a request to use the internet for legal research. Semar denied the request because "the internet is not provided to residents at this time." Semar told Goddard, "You may access legal resources at Indoor Recreation Opportunities." Goddard alleges that he was denied access to the courts with regard to two cases. The first case, <u>Timothy Nelson, et al. v. Jonathan Rosenboom, et al.</u>, 4: 07CV1158 TCM, was filed in this Court and assigned to the Honorable Thomas C. Mummert, III.[3] Judge Mummert appointed counsel to represent Goddard. Goddard's appointed counsel filed a brief in opposition to defendants' motion for summary, but Judge Mummert granted summary judgment in two Memoranda and Order dated February 19, 2009 and April 30, 2009. In his Memorandum and Order dated February 19, 2009, Judge Mummert held that the law enforcement defendants were entitled to qualified immunity. On April 30, 2009, Judge Mummert granted summary judgment in favor of the MSOTC defendants because they were not directly involved in the events that gave rise to the complaint. Goddard appealed Judge Mummert's

---

[3]Plaintiffs were civil detainees at MSOTC who engaged in a group protest over a doctor's order to forcibly inject one of the plaintiffs with an anti-psychotic medication. The protest turned into a physical altercation between MSOTC staff and plaintiffs, and the police were called. Plaintiffs filed a § 1983 suit alleging that MSOTC staff and law enforcement officers used excessive force in subduing them and effecting their arrest.

decision to the Eighth Circuit Court of Appeals, but he testified in his deposition that he did not know the status of the appeal.  A review of the file, however, indicates that the appeal was dismissed by the Eighth Circuit on September 3, 2009 for failure to prosecute.[4]  Goddard testified that he did not know of any basis for a successful appeal in the Nelson case, but he believed that with more legal resources he might be able to find one.

Goddard also alleges that he was denied access to the courts in the case styled William Carter, et al. v. Keith Schaefer, et al., 4:07CV1053 RWS.  That case was assigned to me, and I dismissed it on July 15, 2008 under 28 U.S.C. § 1915(e)(2)(B), which provides that a Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  I held that Goddard's allegations failed to rise to the level of an Eighth Amendment violation and dismissed his complaint without prejudice.  I also certified, under 28 U.S.C. § 1915(a)(3), that an appeal from the dismissal would not be taken in good faith.  Goddard testified that he did not know of any basis for a successful appeal of the Carter case, but he believed that with more legal resources he might have been able to find one.

---

[4]The mandate issued the same day.

**Discussion**

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." Hartsfield v. Nichols, 511 F.3d 826, 831-32 (8th Cir. 2008) (quoting White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007)). "To prove actual injury, a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Hartsfield, 511 F.3d at 832 (internal quotation marks and citation omitted).[5] This injury requirement cannot be established by alleging that the law library or legal resources "is subpar in some theoretical sense . . . ." Lewis v. Casey, 518 U.S. 343, 351 (1996). The Eighth Circuit has held that "prison inmates have no constitutional right of access to a typewriter." American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988). Citing Cline, the Seventh Circuit Court of Appeals has similarly concluded that "if prisoners have no constitutional right to a typewriter, they certainly do not have one to a computer." Lehn v. Hartwig, 13 Fed. Appx. 389

---

[5]The same standard applies to civil detainees, see McDonald v. Schuffman, 2007 WL 29677, *1 (E.D. Mo. Jan. 23. 2007) (applying standard to civil detainee housed at MSOTC), and pretrial detainees. See Livingston v. Robinson, 2009 WL 2253178, *2 (E.D. Ark. July 28, 2009).

(7th Cir. 2001) (internal citations omitted).

King and Goddard were not denied access to the courts as a matter of law. First, King has no constitutional right of access to a typewriter or a computer (and MSOTC has no obligation to provide them) as long as the denial does not result in the denial of access to the courts. Cline, 859 F.2d at 61. Although King was denied the use of a typewriter and a computer to draft his habeas petition in St. Francois county, that denial never amounted to a denial of access to the courts because King actually filed his habeas petition in handwritten form. King's habeas petition was not denied because it was handwritten; rather, it was denied because the state court determined that King's arguments could be raised in his pending commitment case. King also argues that he was denied access to courts because he was not allowed to use a typewriter or computer to prepare a brief or extraordinary writ to appeal the dismissal of his habeas petition. However, that claim fails as a matter of law because King decided not to appeal based on the advice of counsel. Therefore, he was never denied access to the courts based on his inability to file legal materials in typewritten form. For that reason, his claims must fail as a matter of law. See id. (no denial of access to courts claim where plaintiffs, who requested typewriters to prepare legal documents, could have submitted handwritten complaints).

The same is true of King's claims that he was denied access to the courts because he was not permitted to use the internet to conduct legal research for his declaratory judgment action and its appeal.  Merely arguing that online legal research is necessary because the law library at MSOTC is inadequate  does not state an access to the courts claim.  Instead, King must demonstrate that he suffered actual prejudice to a non-frivolous action.  See Hartsfield, 511 F.3d at 831-32.  King cannot meet that standard here.  King's subjective belief that the state court was wrong because it denied his declaratory judgment action and rejected King's interpretation of the statute as a "bizarre proposition" does not demonstrate the requisite actual injury.  The same is true of King's speculative belief that he might have found successful arguments to appeal the denial of his declaratory judgment action if he had been given access to online legal research.  See id. at 832 (district court properly dismissed access to courts claim because general assertions that plaintiff did not know what arguments to make was insufficient to demonstrate actual injury); Bandy-Bey v. Crist, 578 F.3d 763, 765 (8th Cir. 2009) (access to courts claim fails where plaintiff cannot demonstrate that defendants' failure to grant him requested library time resulted in actual injury).  Because King has not demonstrated actual prejudice to a non-frivolous claim, summary judgment must be granted in favor of defendants.

King also argues that defendants' denial of access to the law library and internet research affected his ability to pursue the appeal of his commitment order. That claim fails because the availability of legal research materials is only one of many constitutionally acceptable methods of assuring meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 830 (1977). Legal representation by counsel is another constitutionally acceptable method to assure meaningful access the courts. Id. at 831. Because King is represented by the public defender on appeal of his commitment order, as a matter of law he has failed to state a claim for denial of access to the courts simply because he was not permitted to conduct online legal research. See Williams v. Boyd, 2009 WL 2136274, *3 (E.D. Ark. July 13, 2009) (plaintiff who was not allowed to use law library was not denied access to courts because he was represented by counsel).

Goddard's claims also fail for failure to demonstrate actual injury. Goddard admits that he knows of no legal basis to successfully appeal Judge Mummert's decision in Timothy Nelson, et al. v. Jonathan Rosenboom, et al., 4: 07CV1158 TCM, but he claims that he might be able to find one with adequate legal resources, including access to online legal research. Goddard's speculative, generalized assertion is insufficient to demonstrate that a "nonfrivolous legal claim had been frustrated or was being impeded." Kautzky, 494 F.3d at 680. The

same is true of Goddard's claim with respect to the case styled <u>William Carter, et al. v. Keith Schaefer, et al.</u>, 4:07CV1053 RWS.  Even after giving Goddard's complaint the benefit of a liberal construction, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), I still dismissed it for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and then certified that an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).  Goddard's vague assertion that he might have been able to find a successful basis to appeal my decision with more legal resources and access to the internet falls woefully short of demonstrating actual injury.  <u>See</u> <u>Hartsfield</u>, 511 F.3d at 831; <u>Bandy-Bey</u>, 578 F.3d at 765.  Summary judgment will therefore be granted in favor of defendants.

Because King and Goddard were not denied access to the courts as a matter of law, defendants' motion for summary judgment will be granted and plaintiffs' motion for summary judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#97] is granted, and plaintiffs' first amended complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment [#77] is denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion for oral argument on

their summary judgment motion [#81] is denied as moot.

A separate Judgment in accordance with this Memorandum and Order is

entered this same date.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 30th day of November, 2009.